# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2020

Lyle W. Cayce
Clerk

No. 18-10232
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Chad Emmett Rankin,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-172-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Chad Emmett Rankin appeals his 235-month, within-guidelines range sentence for illegally maintaining a drug-involved premises. He contends that in light of Amendment 810 to the Sentencing Guidelines, the district court erroneously denied him a guidelines reduction, under U.S.S.G. § 3E1.1,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for acceptance of responsibility based on its findings that Rankin (1) falsely or frivolously denied relevant conduct by objecting to the presentence report's attributable drug quantity determination and (2) failed to comply with the court's order to pay $500 per month toward his court-appointed counsel.

Because Rankin failed to object to either the presentence report's recommended denial or the district court's actual denial of a § 3E1.1 adjustment, we review the district court's actions for plain error. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011); *see generally Puckett v. United States*, 556 U.S. 129, 135 (2009). On the showing made, Rankin fails to demonstrate reversible plain error; he does not argue how any error by the district court in denying him a § 3E1.1 adjustment was clear or obvious under existing law, how the court's error affected his substantial rights, or why the court's plain error warrants the exercise of this court's corrective discretion. *See Puckett*, 556 U.S. at 135. Nor does he cite any binding authority holding the denial of a § 3E1.1 reduction to be error based on materially similar facts. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

"[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). To that end, Rankin "has the burden to show" each plain error prong, *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002), including that plain error affected his substantial rights, *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016), and affects the fairness, integrity, or public reputation of judicial proceedings, *see United States v. Andaverde-Tinoco*, 741 F.3d 509, 523 (5th Cir. 2013). By failing to address these issues, Rankin has waived any argument that the district court's denial of an acceptance-of-responsibility reduction amounted to reversible plain error. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

Accordingly, the judgment is AFFIRMED.